RUSH MOORE LLP
A LIMITED LIABILITY LAW PARTNERSHIP

SUSAN TIUS          2873
CAROLINE S. OTANI   5854
737 Bishop Street, 24th Floor
Honolulu, Hawaii  96813
Telephone:  (808) 521-0406
Facsimile:  (808) 521-0497
E-mail: stius@rmhawaii.com

Attorneys for BANK OF HAWAII

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>LAURA MARQUES,<br><br>        Debtor. | Case No. 12-01434<br>(Chapter 13)<br><br>Date:    August 29, 2012 and<br>           September 19, 2012<br>Time:   1:30 p.m.<br>Judge:  Honorable Lloyd King<br><br>Related Docs. No. 21 and 24 |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW
### REGARDING BANK OF HAWAII'S MOTIONS FOR
### <u>RELIEF FROM AUTOMATIC AND CODEBTOR STAYS</u>

This cause came on for hearing before this Court on August 29, 2012

and September 19, 2012, the Honorable Judge Lloyd King presiding, pursuant to

the Motion for Relief from Automatic Stay and Codebtor Stay, Doc. No. 21 (as to

the first mortgage loan) and the Motion for Relief from Automatic and Codebtor

Stays, Doc. No. 24 (as to the second mortgage loan) (collectively, "Motions") filed

herein by BANK OF HAWAII ("BOH").  At the preliminary hearing held on

August 29, 2012, Susan Tius, Esq., appeared for BOH, and the Debtor appeared

representing herself with Paul Sulla, Esq. entering a telephonic "special

appearance."   At the final hearing held on September 19, 2012, Caroline S. Otani,

Esq., appeared for BOH, and there were no other appearances.  Based on the

Motions and supporting and opposing memoranda, the declarations and exhibits,

the following Findings of Fact and Conclusions of Law are made.

<u>FINDINGS OF FACT</u>

1.     On July 11, 2012, LAURA MARQUES ("Debtor"), the above-

named debtor, representing herself, filed a Voluntary Petition under Chapter 13.

2.     HOWARD M. S. HU ("Trustee") is the duly appointed Trustee

in Debtor's case.

3.     Debtor's assets include the co-ownership of the real property

commonly known as 92-1401 Kuamu Street, Kapolei, HI 96707, designated as

TMK No. (1) 9-2-026-086 (the "Property").  The Property is co-owned with

Richard Anthony Marques ("Codebtor"), who is not in bankruptcy.

4.     The Property is Debtor's residence.

2

5.     BOH holds a first Mortgage filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii as Document No. 3791528 against the Property, securing a Fixed/Adjustable Rate Note (collectively "First Mortgage Loan") dated September 16, 2008 in the original principal sum of $1,105,000.00, made by Debtor and Codebtor.

6.     BOH is owed by Debtor and Codebtor, under the First Mortgage Loan, as of July 11, 2012, principal of $1,073,846.75, interest of $101,618.29, late charges of $7,160.04, appraisal/broker's price opinion fees of $100.00, property inspection fee of $100.00, document fee of $90.00, escrow advance of $12,041.97, foreclosure legal expense of $3,774.15, for a total of $1,198,731.20, plus other chargeable amounts, including accruing interest, late charges, and attorneys' fees and costs, and that the aforesaid total sum is a valid first lien on the Property.

7.     As of the petition date of July 11, 2012, Debtor's First Mortgage Loan is in default by reason of the failure to make payments due thereunder since January 1, 2011 in the total amount of $160,817.76.

8.     BOH also holds a second Mortgage made by Debtor and Codebtor filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaii as Document No. 3799760 against the Property, securing a

3

Promissory Note (collectively "Second Mortgage Loan") dated September 16, 2008 in the original principal sum of $170,000.00, made by Codebtor.

      9.     The Second Mortgage Loan is in default by reason of the failure to make payments due thereunder since January 24, 2011.

      10.     There are other liens against the Property, including liens in favor of Palehua Community Association and in favor of Jim Hogg ("Hogg").

      11.     There is a pending foreclosure action filed by BOH on June 29, 2011 in the First Circuit Court of the State of Hawaii, designated as Case No. 11-1-1345-06, covering the Property, First Mortgage Loan and Second Mortgage Loan, which is stayed by Debtor's filing of her Chapter 13 case.

      12.     Debtor and Codebtor also own a second property commonly known as 92-1425 Hoalii Street, Kapolei, HI 96707 ("Hoalii Property").

      13.     Debtor's Schedule D shows that she is liable on a junior mortgage lien in the scheduled amount of $350,000 against the Hoalii Property held by Hogg which is listed as unliquidated but not contingent nor disputed, and approximately $7,669 in other secured debts. Debtor's Schedule F lists approximately $16,257 in unsecured debts.

      14.     Debtor is not eligible to be a debtor under Chapter 13 because as of the filing of her Petition, Debtor's noncontingent, liquidated secured debts are more than $1,081,400 and/or her noncontingent, liquidated unsecured debts are

U.S. Bankruptcy Court - Hawaii  #12-01434  Dkt # 50  Filed  10/03/12  Page 4 of 9

more than $360,475, which amounts exceed the debt limits allowed under 11 U.S.C. § 109(e).

15.     Debtor argues, among other things, that Debtor and Codebtor rescinded the First Mortgage Loan within three years of the loan and, therefore, the loan is not secured by the Property and the loan is void.

16.     Debtor misstates the facts and misapplies the law regarding Debtor's properties, debts and application of 11 U.S.C. § 109(e).

<u>CONCLUSIONS OF LAW</u>

Pursuant to the foregoing findings of fact, the Court concludes:

1.     Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $360,475 and noncontingent, liquidated, secured debts of less than $1,081,400 or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $360,475 and noncontingent, liquidated, secured debts of less than $1,081,400 may be a debtor under chapter 13 of this title. 11 USC § 109(e).

2.     BOH holds a first mortgage lien against the Property securing a promissory note, jointly and severally made by Debtor and Codebtor, on which BOH is owed $1,198,731.20 as of the petition date of July 11, 2012.

U.S. Bankruptcy Court - Hawaii   #12-01434   Dkt # 50   Filed  10/03/12   Page 5 of 9

3.      BOH's First Mortgage Loan is an amount exceeding the secured debt limit under § 109(e) for Debtor to be eligible to be a Chapter 13 debtor.

4.      BOH's First Mortgage Loan amount is treated as fully secured in the entire amount for purposes of analyzing the Debtor's eligibility under § 109(e) because of the prohibition under 11 U.S.C. § 1322(b)(2) on modification of a first lien against a debtor's principal residence.  Scovis v. Henrichsen (In re Scovis), 249 F.3d 975 (9th Cir. 2001) and In re Soderlund, 236 B.R. 271 (9th Cir. BAP 1999.

5.      Debtor schedules BOH's First Mortgage Loan as "contingent, unliquidated and disputed" but the Bankruptcy Code does not define the terms "liquidated" and "noncontingent."

6.      A debt is not considered as contingent if "all events giving rise to liability occurred prior to the filing of the petition... ."  See, e.g., DeJounghe v. Mender, 334 B.R. 760, 769 (1st Cir BAP 2005).  A liquidated claim is one where the value has been determined or may be ascertained."  Id.  So long as a debt is subject to ready determination and precision in computation of the amount due, then it is considered liquidated and included for eligibility purposes under § 109(e), regardless of any dispute.  Nicholes v. Johnny Appleseed (In re Nicholes) 184 B.R. 82, 90-91 (9th Cir. BAP 1995).

U.S. Bankruptcy Court - Hawaii  #12-01434   Dkt # 50   Filed  10/03/12   Page 6 of 9

7. The Debtor has not proven that the debts are void under the Truth in Lending Act, 15 U.S.C. § 1635, et seq. ("TILA") as the Debtor's loans are dated September 16, 2008 and October 16, 2008 and no evidence was provided that rescission was sought within three days of either loan or that an allowable extension of the three day rescission period existed.

8. Further, "[r]escission is not automatic upon a borrower's mere notice of rescission". McOmie-Gray v. Bank of America Home Loans, 667 F.3d 1325, 1327-28 (9th Cir. 2012) (dismissing TILA rescission claim as time barred: "rescission suits must be brought within three years from the consummation of the loan, regardless whether notice of rescission is delivered within that three-year period").

9. The United States District Court for the District of Hawaii, following Ninth Circuit Court of Appeals rulings, has held that a borrower is required to plead an ability to tender loan proceeds back to the lender to plead rescission under TILA:

> The Court has "the discretion to condition rescission on tender by the borrower of the property he had received from the lender." Yamamoto v. Bank of New York, 329 F.3d 1167, 1171 (9th Cir. 2003). The exercise of that discretion depends on "the equities present in a particular case, as well as consideration of the legislative policy of full disclosure that underlies the Truth in Lending Act and the remedial-penal nature of the private enforcement provisions of the Act." Id.

> District courts have been split on whether a plaintiff is required to plead an ability to tender the amount of the loan. See Sakugawa v.

7

*Countrywide Bank F.S.B.*, 769 F. Supp. 2d 1211, 1218-19 (D. Haw. 2011). Recently, however, the Ninth Circuit has suggested that a borrower must affirmatively plead an ability to tender. *See* Hogan v. NW Trust Servs., Inc., 441 Fed. Appx. 490, 2011 WL 2601563 (9th Cir. July 1, 2011). In considering an appeal of judgments dismissing plaintiffs' actions arising out of foreclosure proceedings, the *Hogan* court stated that the "district court properly dismissed appellants' TILA claim seeking rescission because appellants did not allege the ability to tender the proceeds of the loan." *Id.* (citing Yamamoto, 329 F.3d at 1171.)

In light of *Hogan*, the Court will join the district courts that require plaintiffs to plead that they are able to tender proceeds of the loan to state a TILA claim for rescission.

Long v. JP Morgan Chase Bank, N.A., 2012 U.S. Dist. Lexis 8458, *26-28 (D.

Haw. Jan. 25, 2012) (footnote omitted); *see also* Williams v. Rickard, 2011 U.S.

Dist. Lexis 13340, *23-24 (D. Haw. 2011) (to seek rescission, borrower must

demonstrate ability to repay funds, including describing with particularity and

detail how, when, and from whom funds will be received "so that she will not be

unjustly enriched").

10.     Debtor has not plead an ability to repay, and Debtor's defaults,

admission that she has no income, and bankruptcy filing all evidence an inability

to repay BOH's First Mortgage Loan if rescinded.

11.     Even if the First Mortgage Loan was rescinded under TILA,

the First Mortgage Loan debt would be treated as an unsecured debt that must be

repaid and the First Mortgage Loan debt amount substantially exceeds the

unsecured debt limit for Chapter 13 eligibility.

U.S. Bankruptcy Court - Hawaii   #12-01434   Dkt # 50   Filed  10/03/12   Page 8 of 9

12.    The majority view is that an undersecured portion of a secured creditor's claim is counted as unsecured debt for § 109(e) purposes.  In re Soderlund, supra, 236 B.R. at 274-275.

13.    The junior mortgage lien debt held by Hogg, regardless of how it is classified, creates additional amounts exceeding the debt limits for Chapter 13 eligibility.

14.    The other debts shown in Debtor's Schedules D and F further increase the amounts by which Debtor's secured and unsecured debts exceed the limits under § 109(e) purposes.

DATED:  Honolulu, Hawaii. _____.



/s/ Lloyd King
**United States Bankruptcy Judge**
Dated: 10/03/2012

In re LAURA MARQUES, Case No. 12-01434; FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING BANK OF HAWAII'S MOTIONS FOR RELIEF FROM AUTOMATIC AND CODEBTOR STAYS

U.S. Bankruptcy Court - Hawaii   #12-01434   Dkt # 50   Filed  10/03/12   Page 9 of 9