KOBAYASHI, SUGITA & GODA
JESSE W. SCHIEL      7995-0
First Hawaiian Center, Suite 2600
999 Bishop Street
Honolulu, Hawaii  96813-4430
Tel:  539-8700
Fax: 539-8799
Email:  jws@ksglaw.com

Attorneys for Secured Creditor
First Hawaiian Bank

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re: | ) | CASE NO.  12-01434 |
| | ) | (Chapter 13) |
| MARQUES, LAURA | ) | |
| | ) | |
| Debtor. | ) | Date:   September 19, 2012 |
| | ) | Time    1:30 p.m. |
| | ) | Judge:  Honorable Lloyd King |
| | ) | |
| | ) | Related Doc. No. 30 |
| | ) | |

FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING FIRST HAWAIIAN BANK'S MOTION FOR
RELIEF FROM AUTOMATIC AND CODEBTOR STAYS

Secured Creditor FIRST HAWAIIAN BANK'S, ("FHB"), Motion for

Relief from Automatic and CoDebtor Stays ("Motion") came on for hearing on

September 19, 2012 before the Honorable Lloyd King.  Jesse W. Schiel appeared

for Secured Creditor FHB.  Caroline Otani appeared for Secured Creditor Bank of

Hawaii ("BOH") on BOH's separate motions for stay relief. Debtor Laura Marques ("Debtor") did not appear.

Based on the Motion, supporting memorandum, affidavits and pleadings, files, and records herein, and being fully advised, the following Findings of Fact and Conclusions of Law are made.

## FINDINGS OF FACT

1. On July 11, 2012, LAURA MARQUES ("Debtor"), the above-named debtor, representing herself, filed a Voluntary Petition under Chapter 13.

2. HOWARD M. S. HU ("Trustee") is the duly appointed Trustee in Debtor's case.

3. Debtor's assets include the co-ownership of the real property commonly known as 92-1425 Hoalii Street, Kapolei, HI 96707, designated as TMK No. (1) 9-2-026-104 (the "Property"). The Property is co-owned with Richard Anthony Marques ("Codebtor"), who is not in bankruptcy.

5. First Hawaiian Bank ("FHB") holds a first Mortgage made by Debtor and Co-debtor recorded in the State of Hawaii Office of the Assistant Registrar as Document No. 3982941, against the Property, securing a Promissory Note ("Note") dated July 9, 2010 in the original principal sum of $797,464.00, made by Co-debtor ("FHB's Mortgage").

U.S. Bankruptcy Court - Hawaii   #12-01434   Dkt # 52   Filed 10/05/12   Page 2 of 6

6. Lender claims that Co-debtor, under FHB's Mortgage as of August 13, 2012, owes the following amounts, plus other chargeable amounts, including accruing interest, late charges, and attorneys' fees and costs:

| | |
|---|---|
| Principal Balance: | $755,464.00 |
| Interest (through 8/13/12): | $81,349.58 |
| Escrow Advance: | $7,562.26 |
| Late Charges: | $712.79 |
| TOTAL: | $845,088.63 |

The aforesaid total sum is a valid first lien on the Property.

7. As of the petition date of July 11, 2012, FHB claims the Debtor's First Mortgage Loan is in default by reason of the failure to make payments due thereunder.

8. There are other liens against the Property, including liens in favor of Palehua Community Association and in favor of Jim Hogg.

9. The Property is the subject of a foreclosure action filed by FHB, designated as Case No. 11-1-1261-06 in the First Circuit Court of the State of Hawaii ("FHB's Foreclosure").

10. Debtor's Schedule D shows that she is liable on a junior mortgage lien in the scheduled amount of $350,000 against the Hoalii Property held by Hogg which is listed as unliquidated but not contingent nor disputed, and approximately $7,669 in other secured debts. Debtor's Schedule F lists approximately $16,257 in unsecured debts.

11. Debtor and Co-Debtor's assets also include second real property commonly known as 92-1401 Kuamu Street, Kapolei, HI 96707 ("Kuamu Property"). The Kuamu Property is the subject of a foreclosure action filed by Bank of Hawaii, designated as Case No. 11-1-1345-06, in the First Circuit Court of the State of Hawaii ("BOH's Foreclosure).

12. FHB's Motion, among things, asserts that that Debtor is not eligible to be a debtor under Chapter 13 because as of the filing of her Petition, Debtor's noncontingent, liquidated secured debts are more than $1,081,400 and/or her noncontingent, liquidated unsecured debts are more than $360,475, which amounts exceed the debt limits allowed under 11 U.S.C. § 109(e).

13. Debtor's Opposition to the Motion argues, among other things, that Debtor is an eligible debtor under Chapter 13.

14. Debtor misstates the facts and misapplies the law regarding Debtor's properties, debts and application of 11 U.S.C. § 109(e).

## CONCLUSIONS OF LAW

Pursuant to the foregoing findings of fact, the Court concludes

1. Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $360,475 and noncontingent, liquidated, secured debts of less than $1,081,400 or an individual with regular income and such individual's spouse,

4

except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $360,475 and noncontingent, liquidated, secured debts of less than $1,081,400 may be a debtor under chapter 13 of this title. 11 USC § 109(e).

2. BOH holds a mortgage made by Debtor and Co-debtor on which BOH contends it is owed $1,198,731.20 as of the petition date of July 11, 2012 ("BOH's Mortgage").

3. BOH's Mortgage alone is an amount exceeding the secured debt limit under § 109(e).

4. BOH's Mortgage amount is treated as fully secured in the entire amount for purposes of analyzing the Debtor's eligibility under § 109(e) because of the prohibition under 11 U.S.C. § 1322(b)(2) on modification of a first lien against a debtor's principal residence. Scovis v. Henrichsen (In re Scovis), 249 F.3d 975 (9th Cir. 2001) and In re Soderlund, 236 B.R. 271 (9th Cir. BAP 1999.

5. FHB contends it was owed $845,088.63 on FHB's Mortgage as of August 13, 2012. The combined amount of the BOH Mortgage and FHB Mortgage far exceed the secured debt limit under §109(e) for Debtor to be eligible to be a Chapter 13 debtor.

5

6. Debtor's Schedule D shows that she is liable on a junior mortgage lien held by Hogg in the scheduled amount of $350,000 against the Hoalii Property which is listed as unliquidated but not contingent nor disputed. The junior mortgage lien debt must be counted in the § 109(e) analysis. The majority view is that an undersecured portion of a secured creditor's claim is counted as unsecured debt for § 109(e) purposes. In re Soderlund, supra, 236 B.R. at 274-275.

6. Whether the junior mortgage lien debt held by Hogg is classified as a secured claim, an unsecured claim or a partially secured and partially unsecured claim, it creates additional amounts exceeding the debt limits for Chapter 13 eligibility.

7. Debtor's Schedule D lists approximately $7,669 in other secured debts and Schedule F lists approximately $16,257 in other unsecured debts. These debts further increase the amounts by which Debtor's secured and unsecured debts exceed the limits under § 109(e) purposes.

8. Therefore, Debtor is ineligible to be a Chapter 13 debtor under §109(e) since both her noncontingent, liquidated, secured and unsecured debts each exceed the maximum threshold limits under §109(e).

/s/ Lloyd King
United States Bankruptcy Judge
Dated: 10/05/2012